**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joan Kominis, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Starbucks Corporation,<br><br>Defendant. | CASE NO. 1:22-cv-06673<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Joan Kominis ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Starbucks Corporation ("Defendant" or "Starbucks"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## SUMMARY OF THE ACTION

1. This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of a number of its Starbucks Refresher Products, which are marketed as fruit-based beverages available for sale at Starbucks' brick and mortar locations.

2. Starbucks has marketed the Products with the name of specific fruits, representing to its consumers that the Products, which are supposed to be fruit-based beverages, contain those advertised fruits. Specifically, the Products include the following: (1) Mango Dragonfruit Lemonade Starbucks Refreshers; (2) Mango Dragonfruit Starbucks Refreshers; (3) Strawberry Acai Lemonade Starbucks Refreshers; (4) Strawberry Acai Starbucks Refresher; (5) Pineapple

Passionfruit Lemonade Starbucks Refreshers; and (6) Pineapple Passionfruit Starbucks Refreshers (together, the "Products").

3. Despite their names, and unbeknownst to consumers, the Mango Dragonfruit and Mango Dragonfruit Lemonade Refreshers contain ***no mango***, the Pineapple Passionfruit and Pineapple Passionfruit Lemonade Refreshers contain ***no passionfruit***, and the Strawberry Acai and Strawberry Acai Lemonade Refreshers contain ***no acai***. Further, ***all*** of the Products are predominantly made with water, grape juice concentrate, and sugar.

4. Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on Defendant's naming of the Products. Had Plaintiff and other consumers been aware that the Products are missing one of the named fruits, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## PARTIES

### I. Plaintiff

5. Plaintiff is a citizen of New York and currently resides in Astoria, New York. In late 2021, Plaintiff purchased the Strawberry Acai Lemonade Refresher at Starbucks locations in New York, New York and Queens, New York. Based on the Product's name posted on the Starbucks' store's menu board, Plaintiff reasonably believed that the Product contained acai. Moreover, she did not see any statement or information on the Starbucks menu board which informed her that there was no acai in the Product. Had she known that the Product did not contain acai, she would not have purchased it, or would have paid significantly less for it.

### II. Defendant

6. Defendant Starbucks Corporation is a Washington corporation with its principal

place of business in Seattle, Washington. Defendant operates one of the world's largest coffee and beverage chains, which sell coffee, tea, and other beverages, including the Products challenged in this Complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

8. This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in New York, and intentionally and purposefully placed the Products into the stream of commerce within New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely, Plaintiff purchased the Product in this District.

## FACTUAL BACKGROUND

10. Defendant is responsible for the formulation, manufacturing, marketing, naming, advertising, and sale of its beverage products sold in its thousands of retail stores located in the United States, including the Products at issue here.

11. The Products are part of Defendant's "Refresher" line of beverages, marketed as fruit-based beverages.

12. Unfortunately for consumers, Defendant engages in false and misleading advertising regarding the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

13. Specifically, for each of the Products, Starbucks has marketed the Products with the name of specific fruits, representing to its consumers that the Products, which are supposed to be fruit-based beverages, contain those specific fruits.

14. Indeed, as portrayed below, the presence of fruit in the Products is central to the Products' identity.




FRAPPUCCINO®
BLENDED BEVERAGES
GRANDE 16 FL OZ
Caramel Ribbon Crunch 5.45 | 470 CAL
Mocha Cookie Crumble 5.45 | 480 CAL
Vanilla Bean Crème 4.75 | 380 CAL
Strawberry Crème 5.25 | 370 CAL
Caramel 5.25 | 380 CAL
TEA & REFRESHMENT
Strawberry Açaí* 4.45 | 100 CAL
Mango Dragonfruit* 4.45 | 90 CAL
Kiwi Starfruit* 4.45 | 90 CAL
Dragon Drink* 4.75 | 130 CAL
Pink Drink* 4.75 | 140 CAL
Chai Tea Latte 4.75 | 240 CAL
Iced Matcha Tea Latte 4.75 | 200 CAL
Iced Peach Green Tea Lemonade 4.25 | 80 CAL
Iced Black Tea Lemonade 3.95 | 50 CAL
Honey Citrus Mint Tea 3.95 | 130 CAL
Royal English Breakfast Tea 3.25 | 0 CAL
*Starbucks Refreshers® Beverages

15. Based on the Products' advertising, reasonable consumers purchase the Products with the expectation that the Products contain *all* the fruits clearly listed in their respective names.

16. However, unbeknownst to consumers, the Mango Dragonfruit and Mango Dragonfruit Lemonade Refreshers contain ***no mango***, the Pineapple Passionfruit and Pineapple Passionfruit Lemonade Refreshers contain ***no passionfruit***, and the Strawberry Acai and Strawberry Acai Lemonade Refreshers contain ***no acai***.

17. Instead, ***all*** of the Products are predominantly made with primarily comprised of water, grape juice concentrate, and sugar.

18. This is not what consumers expect when it comes to Starbucks items. Consumers expect Starbucks' products to live up to their name, and many of them rightfully do. Indeed, Starbucks' hot chocolate contains cocoa, its matcha lattes contain matcha, and its honey mint tea contains honey and mint, just as consumers expect. While these Starbucks' products live up to their names and contain their promised ingredients, the Products are missing mango, passionfruit, and acai. Moreover, furthering the deceptive nature of Starbucks' advertising is the fact that the Products do in fact contain freeze-dried pieces of strawberries, pineapple, and dragon fruit, which would indicate to a reasonable consumer that the Products fully lives up to its name by advertising ***all*** of the fruits advertised in the Products' name. Thus, the Products' names are deceptive.

19. Notably, nowhere does Starbucks disclose that these Products are missing their promised ingredients. As such, consumers cannot reasonably know or expect that the Products are each missing one of the named ingredients.

20. The reasonable belief that the Products contain all their advertised fruits was a significant factor in Plaintiff and other class members' decisions to purchase the Products. These missing fruit juices are important to consumers because they are premium ingredients, and consumers value them over the less nutritious and cheaper grape juice concentrate found in the Products. For example, acai berry and its juice, which are missing from the Strawberry Acai and Strawberry Acai Lemonade Products, are known to provide benefits to heart health, cognitive function, and contain anti-cancerous properties.[1] Mango is also known to be a "great source of magnesium and potassium.[2] And passionfruit is known to be rich in Vitamin C, Vitamin A, fiber, and other nutrients.[3] Conversely, grape juice concentrate is a less premium ingredient commonly used as a cheap filler in juice products. Thus, Starbucks promises premium products, but provides consumers with cheaper, less premium alternatives.

21. As the entity responsible for the development, naming, manufacturing, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products falsely and deceptively represent to contain certain ingredients that they do not contain.

22. Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's advertising. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers and gain an unfair advantage in the market.

23. Consumers are willing to pay more for the Products based on the belief that the Products contain mango, passionfruit, and acai. Plaintiff and other consumers would have paid

---

[1] https://www.medicalnewstoday.com/articles/305576#health-benefits
[2] https://www.webmd.com/diet/health-benefits-mango
[3] https://www.webmd.com/food-recipes/passion-fruit-health-benefits#:~:text=Passion%20fruit%20is%20full%20of,protects%20your%20cells%20from%20damage

significantly less for the Products, or would not have purchased them at all, had they known that the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed.

24. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS DEFINITION AND ALLEGATIONS

25. Plaintiff brings this matter on behalf of herself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following Class (herein, the "New York Class" or "Class"):

> All residents of New York who purchased any of the Products in New York for personal, family, or household consumption and not for resale within the applicable statute of limitations.

26. Plaintiff reserves the right to amend the Class definitions if discovery or further investigation reveal that the Class should be expanded or narrowed, divided into additional subclasses under Rule 23(c)(5), or modified in any other way.

27. The following people and entities are excluded from the Class: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

29. **<u>Numerosity</u>:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely hundreds of thousands of Class members.

30. **<u>Commonality</u>:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b. whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products contain all their advertised ingredients;

c. whether Defendant knew or should have known its representations were false or misleading;

d. whether Defendant was unjustly enriched by retaining monies from the sale of the Product;

e. whether certification of the Class is appropriate under Rule 23;

f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

g. the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

31. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Class relied on the representations made by the Defendant about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

32. **Adequacy:** **P**laintiff will fairly and adequately protect the interests of the proposed Class as her interests do not conflict with the interests of the members of the proposed Class she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

33. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Class. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

34. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and

burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
***(On Behalf of Plaintiff and the Class)***

35. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

36. New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

37. The conduct of Defendant alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Class Members seek monetary damages.

38. Defendant misleadingly, inaccurately, and deceptively advertised and marketed its Products to consumers.

39. Defendant's improper consumer-oriented conduct—including naming and advertising that the Products contain ingredients that they do not (mango, passionfruit, and acai) —is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Class to purchase and pay a premium for Defendant's Products and to consume the Products when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

40. Plaintiff and the Class have been injured inasmuch as they paid a premium for the Products that did not contain mango, passionfruit, and acai, contrary to Defendant's

representations on the Products. Accordingly, Plaintiff and the Class received less than what they bargained and/or paid for.

41. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the Class have been damaged thereby.

42. As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350**
***(On Behalf of Plaintiff and the Class)***

43. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

44. New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

45. GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

46. Defendant's naming of the Products to represent that the Products contain mango, passionfruit, and acai are materially misleading representations inasmuch as they misrepresent the Product' ingredients.

47. Plaintiff and Class members have been injured inasmuch as they relied upon the naming of the Products and paid a premium for products that did not contain the ingredients that were promised. Accordingly, Plaintiff and Class members received less than what they bargained and/or paid for.

48. Defendant's naming of the Products induced Plaintiff and the Class to buy Defendant's Products. Thus, Defendant made material misrepresentations about the Products.

49. Defendant made the foregoing untrue and/or misleading representations willfully, wantonly, and with reckless disregard for the truth.

50. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were exposed to Defendant's material misrepresentations.

51. As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF BREACH OF EXPRESS WARRANTY STATUTE**
**N.Y. U.C.C. Law § 2-313**
***(On behalf of Plaintiff and the Class)***

52. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

53. Plaintiff and members of the Class formed a contract with Defendant at the time they purchased the Products. As part of those contracts, Defendant represented that the Products are "(1) Mango Dragonfruit Lemonade Starbucks Refreshers; (2) Mango Dragonfruit Starbucks Refreshers; (3) Strawberry Acai Lemonade Starbucks Refreshers; (4) Strawberry Acai Starbucks Refresher; (5) Pineapple Passionfruit Lemonade Starbucks Refreshers; and (6) Pineapple Passionfruit Starbucks Refreshers," representing that those beverages contain, based on the Product's name, either mango, passionfruit, or acai.

54. These representations constitute an express warranty and became part of the basis of the bargain between Plaintiff and members of the Class, on the one hand, and Defendant, on the other.

55. Defendant made the representations to induce Plaintiff and members of the Class to purchase the Products, and Plaintiff and the Class relied on the representations in purchasing the Products.

56. All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the Class.

57. Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

58. Defendant breached the express warranties about the Products because, as alleged above, the Products do not contain mango, passionfruit, or acai.

59. As a result of Defendant's breaches of express warranty, Plaintiff and Class members were damaged in the amount of the premium price they paid for the Products, in amounts to be proven at trial.

60. In or around July 2022, Plaintiff discovered this breach. On July 18, 2022, Plaintiff, on behalf of herself and others similarly situated, sent a notice and demand letter to Defendant providing notice of Defendant's breach.

**FOURTH CLAIM FOR RELIEF**
**IN THE ALTERNATIVE, UNJUST ENRICHMENT**
***(On behalf of Plaintiff and the Class)***

61. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

62. To the extent the Court finds that Plaintiff and the members of the Class did not form a contract with Defendant at the time they purchased the Products, Plaintiff brings this claim for unjust enrichment in the alternative, individually and on behalf of the Class.

63. Plaintiff and the Class purchased Defendant's Products and paid a premium for the Products. Defendant misrepresented that the Products contained acai, mango, or passionfruit, which commanded a price premium on the market.

64. Defendant had knowledge of such benefit and obtained the benefit by its misrepresentations because the misrepresentations induced reasonable consumers to purchase the Products when they would not otherwise have purchased them or would have purchased them at a lower price.

65. Defendant appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiff and the Class. Defendant currently retains this benefit.

66. Defendant's acceptance and retention of the benefits is inequitable and unjust because the benefit was obtained by Defendant's misconduct detailed at length in this Complaint.

67. Equity cannot in good conscience permit Defendant to be economically enriched for such action at the expense of Plaintiff and the Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

## FIFTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**(*On behalf of Plaintiff and the Class*)**

68. Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

69. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

70. New York's implied warranty of merchantability statute provide that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.Y. U.C.C. Law § 2-314.

71. New York's implied warranty of merchantability statutes also provide that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." N.Y. U.C.C. Law § 2-314(2)(f).

72. Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to New York consumers.

73. By advertising the Products with the names of specific fruits on its menu boards, Defendant made an implied promise in the Products' advertising that the Products contain these specific fruits. The Products, however, have not conformed to these promises because the Products do not contain all the fruits listed by the Products' names on Defendant's menu boards. Plaintiff, as well as other New York consumers, did not receive the goods as impliedly warranted

by Defendant to be merchantable.

74. Therefore, the Products are not merchantable under New York law and Defendant has breached its implied warranty of merchantability in regard to the Products.

75. If Plaintiff and members of the New York Class had known that the Products' names were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the New York Class have suffered injury and deserve to recover all damages afforded under the law.

76. In or around July 2022, Plaintiff discovered this breach. On July 18, 2022, Plaintiff, on behalf of herself and others similarly situated, sent a notice and demand letter to Defendant providing notice of Defendant's breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Class(es), respectfully request that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

b. A declaration or declaratory judgment that Defendant's conduct has violated and continues to violate the statutes and laws cited herein;

c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and members of the Class to restore all funds acquired by means of

any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d. An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e. Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendant from retaining the benefit of its wrongful conduct;

f. an award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

g. an award of pre- and post-judgment interest to Plaintiff and members each of the Class if applicable; and, ordering further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff and members of the Class demand a jury trial on all issues so triable.

DATED: August 4, 2022

**CUSTODIO & DUBEY, LLP**

By: /s/ Robert Abiri

Robert Abiri (SBN 238681)
*E-mail: abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiff and the Putative Classes*