**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Joan Kominis, individually and on behalf of all others similarly situated,

               Plaintiff,

    - against -

Starbucks Corporation,

               Defendant.

Case No. 1:22-cv-06673 JPC

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS COMPLAINT

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Paul W. Garrity
Robert J. Guite (admitted *pro hac vice*)
Sascha Henry (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
pgarrity@sheppardmullin.com
rguite@sheppardmullin.com
shenry@sheppardmullin.com

*Attorneys for Defendant Starbucks Corporation*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ...................................................................................................1

II.    SUMMARY OF ALLEGATIONS .......................................................................2

    A.    Plaintiff's Purchases from Starbucks ......................................................2

    B.    Starbucks Accurately Advertises Refreshers® Flavors On
Its Menu Boards ......................................................................................3

III.    LEGAL STANDARD ON MOTION TO DISMISS.............................................4

IV.    THE COURT SHOULD DISMISS THE COMPLAINT ....................................5

    A.    Plaintiff's Claims Fail Because No Reasonable Consumer Would Be
Deceived by The Refreshers® Flavor Names..........................................5

        1.    Starbucks Refreshers® Names Accurately Describe Their Flavors
On The Text-Only Menu Boards in Starbucks Cafés .................................6

        2.    Starbucks Advertising Accurately Represents The Refreshers®
Fruit Content ...........................................................................................9

        3.    Information Available from Starbucks Baristas Sufficiently Dispels
Any Potential Confusion...........................................................................10

        4.    The Cases Cited In Plaintiff's Pre-Motion Letter Are Inapposite .............10

    B.    Plaintiff's Other Claims Also Fail as a Matter of Law .........................14

        1.    Plaintiff Has Failed to State a Claim for Breach of Express Warranty
...................................................................................................................14

        2.    Plaintiff Cannot Allege Facts Sufficient to Support Her Implied
Warranty Claim........................................................................................15

        3.    Plaintiff's Unjust Enrichment Claim is Entirely Duplicative of Her
Other Claims ............................................................................................15

V.    CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................................5

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................5

*Budhani v. Monster Energy Co.*
    527 F. Supp. 3d 667 (S.D.N.Y. 2021) .....................................................................5

*Campbell v. Whole Foods Mkt. Grp., Inc.*
    516 F. Supp. 3d 370 (S.D.N.Y. 2021) ......................................................12, 13, 14

*Chen v. Dunkin' Brands, Inc.*
    954 F.3d 492 (2d Cir. 2020) ................................................................2, 5, 8, 9, 10

*Corsello v. Verizon N.Y., Inc.*
    967 N.E.2d 1177 (N.Y. 2012) ...............................................................................15

*Cosgrove v. Oregon Chai, Inc.*
    520 F. Supp. 3d 562 (S.D.N.Y. 2021) ..............................................................6, 14

*Cruz v. D.F. Stauffer Biscuit Co.*
    2021 WL 5119395 (S.D.N.Y. Nov. 4, 2021) ..........................................7, 13, 14, 15

*Davis v. Hain Celestial Grp., Inc.*
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ..................................................................15

*Fink v. Time Warner Cable*
    714 F.3d 739 (2d Cir. 2013) ....................................................................................6

*Izquierdo v. Panera Bread Co.*
    450 F.Supp.3d 453 (S.D.N.Y. 2000) ........................................................10, 11, 12

*Kamara v. Pepperidge Farm, Inc.*
    570 F. Supp. 3d 69 (S.D.N.Y. 2021) .....................................................................15

*Koenig v. Boulder Brands, Inc.*
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ...................................................................15

*Mazella v. Coca-Cola Co.*
    548 F. Supp. 3d 349 (S.D.N.Y. 2021) ...................................................................14

*Nelson v. MillerCoors, LLC*
  246 F. Supp. 3d 666 (E.D.N.Y. 2017) ..................................................................15

*Oldrey v. Nestlé Waters N. Am., Inc.*
  2022 WL 2971991 (S.D.N.Y. July 27, 2022) ..................................................12, 13

*Orlander v. Staples, Inc.*
  802 F.3d 289 (2d Cir. 2015)............................................................................5

*Parham v. ALDI, Inc.*
  2021 WL 709632 (S.D.N.Y. Feb. 15, 2021) ........................................................6, 14

*Petrosino v. Stearn's Prods.*
  2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) .........................................................14

*Pichardo v. Only What You Need, Inc.*
  2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) .........................................................12

*Schwartz v. Bai Brands*
  2020 WL 5875019 (C.D. Cal. July 31, 2020) ....................................................12, 14

*Silva v. Smucker Nat. Foods, Inc.*
  2015 WL 5360022 (E.D.N.Y. Sep. 14, 2015)..........................................................15

*Verzani v. Costco Wholesale Corp.*
  641 F. Supp. 2d 291 (S.D.N.Y. 2009)................................................................10

*Wallace v. Wise Foods, Inc.*
  2021 WL 3163599 (S.D.N.Y. July 26, 2021) ...............................................7, 8, 10, 14

*Warren v. Stop & Shop Supermarket, LLC*
  2022 WL 815300 (S.D.N.Y. Mar. 16, 2022) ..............................................13, 14, 15

*Wurtzburger v. Ky. Fried Chicken*
  2017 WL 6416296 (S.D.N.Y. Dec. 13, 2017) ..........................................................6

*Wynn v. Topco Assocs., LLC*
  2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ..........................................................11

Statutes

21 U.S.C. § 343(q)(5)(H)(i)-(ii) ........................................................................2

New York General Business Law ("GBL")...........................................................1, 5, 9

  § 349.....................................................................................................1

  § 350.....................................................................................................1

§§ 349-350 ...............................................................................................................5, 9

Other Authorities

Federal Rule of Civil Procedure

8(a) ........................................................................................................................4

12(b)(6) .................................................................................................................5

I.      **INTRODUCTION**

Defendant Starbucks Corporation ("Starbucks") sells hand-crafted and made-to-order Starbucks Refreshers® beverages, which are caffeine-containing iced drinks.  Starbucks lists the Refreshers® flavors on its menu boards in Starbucks cafés.  Plaintiff attempts to convert some of the Refreshers® flavor names into ingredient lists, while ignoring other flavors.  Reasonable consumers reading Starbucks menu boards would not share Plaintiff's alleged interpretation.

Plaintiff Joan Kominis claims she was deceived because the Strawberry Acai Lemonade Refreshers® she purchased allegedly did not contain actual acai fruit.  There is no dispute that her Refreshers® tasted like strawberry acai lemonade.  Plaintiff also does not allege that the menu boards in Starbucks cafés state that the Refreshers® contain actual fruit.  Rather, Plaintiff insists that the flavor names – which serve to differentiate between the flavors of the Refreshers® beverages – deceive consumers into believing that they contain actual fruit as ingredients when they do not.[1]

Plaintiff seeks to represent a class of New York consumers with the following claims: (1) Violation of New York General Business Law ("GBL") § 349; (2) Violation of New York GBL § 350; (3) Breaches of Express Warranty Statute N.Y. U.C.C. Law § 2-313; (4) Unjust Enrichment; and (5) Breach of Implied Warranty.  Plaintiff's claims all fail as a matter of law.

First, Plaintiff's GBL claims fail because no reasonable consumer would be misled by the flavor names of the Starbucks Refreshers®.  Courts in the Second Circuit have repeatedly held that accurate representations of flavor names, without more, do not deceive reasonable consumers into believing that products contain certain ingredients.  Plaintiff ordered and received strawberry acai lemonade flavored Refreshers® and the Court should therefore find that she has not been deceived as a matter of law.  Additionally, Plaintiff claims that she was misled by the Refreshers® names, but her Complaint also includes images of the beverages.  Any

---

[1] Plaintiff's allegations are factually inaccurate, but are treated as true solely for purposes of the motion to dismiss.

consumer viewing the image of a Strawberry Acai Lemonade Starbucks Refreshers® would see it does not contain acai. *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020).

Second, Plaintiff's ancillary claims for breach of express and implied warranty and unjust enrichment fail for the same reason as her GBL claims – the Complaint fails to plead a false or misleading statement regarding the Refreshers®.  Plaintiff's breach of implied warranty claim additionally fails because she does not allege that the Refreshers® are "unfit for human consumption."  Plaintiff's unjust enrichment claim also should be dismissed because it is entirely duplicative of her other claims.

For these reasons, and the reasons below, Plaintiff's Complaint should be dismissed in its entirety.

## II.    SUMMARY OF ALLEGATIONS

### A.    Plaintiff's Purchases from Starbucks

Plaintiff is an individual who resides in Astoria, New York.  (ECF No. 1, Compl. ¶ 5.) Plaintiff alleges that she purchased the Strawberry Acai Lemonade Refreshers® at Starbucks locations in New York.  (*Id.*)  Plaintiff alleges that, at the time of her purchases of the Strawberry Acai Lemonade Refreshers®, she believed that they contained acai "[b]ased on the Product's name posted on the Starbucks[] store's menu board." (*Id.* ¶ 5.)  Plaintiff further alleges she "did not see any statement or information on the Starbucks menu board which informed her that there was no acai in the Product."  (*Id.*)  Plaintiff claims, however, that the Strawberry Acai Lemonade Refreshers® does not contain acai and "[h]ad she known that the Product did not contain acai, she would not have purchased it, or would have paid significantly less for it."  (*Id.*)  Plaintiff does not allege that Starbucks failed to make any FDA-mandated disclosures in its cafés.[2] Plaintiff also does not allege that the baristas who prepared her hand-crafted Refreshers® made any representations regarding the fruit content or that she was precluded from asking any

---

[2] *See* 21 U.S.C. § 343(q)(5)(H)(i)-(ii) (listing required disclosures for food establishments with more than 20 locations doing business under same name).

questions relevant to her in making her decision to purchase the Strawberry Acai Lemonade Refreshers®.

**B.**     **Starbucks Accurately Advertises Refreshers® Flavors On Its Menu Boards**

Plaintiff purports to bring her claims on behalf of purchasers of six Starbucks Refreshers® flavors: (1) Mango Dragonfruit Lemonade; (2) Mango Dragonfruit; (3) Strawberry Acai Lemonade; (4) Strawberry Acai; (5) Pineapple Passionfruit Lemonade; and (6) Pineapple Passionfruit.  (*Id.* ¶ 2.)  Plaintiff does not challenge other Starbucks Refreshers® flavors such as "Pink Drink", "Dragon Drink", "Paradise Drink", and "Kiwi Starfruit" which are sold alongside the products Plaintiff places at issue.  (*See* Compl. pp. 4-5 [depicting these flavors on Starbucks menu boards].)  Starbucks Refreshers® are listed on menu boards in Starbucks cafés alongside other made-to-order beverages.  The following examples of Starbucks menu boards are included in Plaintiff's Complaint:





As shown above, some text-only menu boards list the flavors – such as Strawberry Acai and Mango Dragonfruit – alongside other unchallenged Refreshers® flavors such as Pink Drink, Dragon Drink, and Kiwi Starfruit.  (*Id.*)  The text-only menu boards make clear that the flavors, which are listed under "Tea and Refreshment", are for "*Starbucks Refreshers® Beverages.*"  (*Id.*)  Other menu boards in Starbucks cafés depict images of the Refreshers® in see-through containers alongside their flavor names and a statement that they are "Starbucks Refreshers®."  (*Id.*)  On those menu boards, the fruit content of the Refreshers® is shown in the see-through containers.  (*Id.*)  Plaintiff does not identify any statement on any menu boards that Refreshers® contain certain fruit ingredients.

   As explained below, the flavor names of the Refreshers® do not mislead reasonable consumers regarding the Refreshers® ingredients.

## III.   LEGAL STANDARD ON MOTION TO DISMISS

   Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  If a

complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6).  To survive a motion to dismiss, "a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation, quotations, and emphasis omitted).

Thus, a complaint that sets forth a mere "formulaic recitation of the elements" will not survive a motion to dismiss; indeed, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face" and bear the burden of "nudg[ing] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV.    THE COURT SHOULD DISMISS THE COMPLAINT

### A.    Plaintiff's Claims Fail Because No Reasonable Consumer Would Be Deceived by The Refreshers® Flavor Names

Plaintiff is unable to establish her claims under the GBL because reasonable consumers do not share Plaintiff's interpretation of the Refreshers® flavor names.  To state a claim under GBL §§ 349-350, Plaintiff must allege that Starbucks "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). To satisfy the materially misleading element, Plaintiff "must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 676 (S.D.N.Y. 2021) (citations omitted).

"[I]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (affirming dismissal of claims under GBL §§ 349 and 350 ).  "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, <u>context is crucial</u>." *Id.* at 501 (emphasis added) (citing *Geffner v.*

*Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019)); *see also Wurtzburger v. Ky. Fried Chicken*, 2017 WL 6416296, at *3 (S.D.N.Y. Dec. 13, 2017) ("[c]ourts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole."); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

As explained below, the Refreshers® information listed on Starbucks menu boards does not plausibly mislead a significant portion of the general consuming public:

> 1. <u>Starbucks Refreshers® Names Accurately Describe Their Flavors On The Text-Only Menu Boards in Starbucks Cafés</u>

Starbucks accurately lists all of the Refreshers® by name on the menu boards in its cafés. Plaintiff's claims rely entirely on the flavor names of the Refreshers® (Compl. ¶ 15) and her improper attempt to convert the flavor names into ingredient lists. (*See* Compl. ¶ 5 ["Mango Dragonfruit and Mango Dragonfruit Lemonade Refreshers contain ***no mango***, the Pineapple Passionfruit and Pineapple Passionfruit Lemonade Refreshers contain ***no passionfruit***, and the Strawberry Acai and Strawberry Acai Lemonade Refreshers contain ***no acai***"]). But a reasonable consumer understands that "Strawberry Acai Lemonade" describes the flavor of the Refreshers® beverage and is not a representation that the product contains strawberry <u>and</u> acai <u>and</u> lemonade.

In cases with allegations similar to Plaintiff's, numerous courts in this district have dismissed claims based on flavor descriptors because there was nothing in the products' advertising to indicate that the flavor descriptor also represented the products' ingredients. *See e.g., Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 581-82 (S.D.N.Y. 2021) (dismissing complaint because the word "vanilla" "appears to describe a flavor more than an ingredient" where there was "no reference to 'vanilla bean' or 'vanilla extract' anywhere on the packaging; nor [was] there any reference to the product being 'made with' or 'made from' any part of the vanilla plant"); *Parham v. ALDI, Inc.,* 2021 WL 709632, at *3 (S.D.N.Y. Feb. 15, 2021) ("A reasonable consumer would understand that the word 'vanilla' on the front of the carton describes how the Product tastes, not what it contains, especially in circumstances where the

ingredients listed … do not mention vanilla at all."); *see also Wallace v. Wise Foods, Inc.*, 2021 WL 3163599, at *2 (S.D.N.Y. July 26, 2021) ("[a] reasonable consumer would not make broad assumptions about the chips' ingredients based on the representation that they are cheddar and sour cream *flavored*."); *Cruz v. D.F. Stauffer Biscuit Co.*, 2021 WL 5119395, at *6 (S.D.N.Y. Nov. 4, 2021).

For example, in *Cruz*, the plaintiff alleged that the word "Lemon" and images of "freshly picked" lemons on lemon snap packages misled her to believe that the cookies' lemon flavor "comes predominantly, if not exclusively, from lemons." *Cruz*, 2021 WL 5119395, at *1. Dismissing the plaintiff's GBL claims, the court explained that "nothing on the Product label states or implies that the cookies' flavor is derived entirely or predominantly from real lemons or from natural, non-artificial ingredients." *Id.* at *6 (collecting cases). As the court further explained, "Plaintiffs do not allege that the Product does not taste like lemons, and therefore a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is not misled." *Id.*.

Here, Plaintiff asserts that she was misled "[b]ased on the ***Product's name*** posted on the Starbucks[] store's menu board." (Compl. ¶ 5 (emphasis added).) The text-only menu board simply lists the flavors and notes that each pertains to "*Starbucks Refreshers® Beverages." (*See id.* p. 5):



Plaintiff also does not identify any specific statements on the text-only menu board to support her "broad assumptions" about the Refreshers® ingredients based on the representations that they are Strawberry Acai flavored. *Wallace*, 2021 WL 3163599, at *2. Thus, no reasonable consumer would be misled by the Refreshers® name into believing it also identifies the ingredients.

Plaintiff's proffered interpretation of the flavor names also ignores the context presented on the menu boards, which the Second Circuit recognized in *Chen* is critical. A reasonable consumer would be aware of these other flavors on the menu board – which also cannot be reasonably understood to be a promise of specific ingredients – when selecting a Refreshers® flavored beverage. As shown in the menus, "Pink Drink", "Dragon Drink", and "Paradise Drink" are listed alongside the challenged Refreshers®, but of course Plaintiff does not complain that these other Refreshers® flavors do not contain "pink" or "dragon" or "paradise." This is because reasonable consumers know that all of the names listed represent flavor differentiators, not specific ingredients. "Paradise Drink" is a representation that the Refreshers® drink has a tropical flavor, just as "Strawberry Acai" indicates that the drink tastes like strawberry acai. Plaintiff's interpretation is particularly unreasonable in light of the context of the other Refreshers® flavors listed on the same board.

2.    <u>Starbucks Advertising Accurately Represents The Refreshers® Fruit Content</u>

Plaintiff's allegations are even more implausible when considered with the context provided by the images on the menu boards depicting the contents of the Refreshers®.  (*See* Compl. p. 5.)  Claims under GBL Sections 349 and 350 are not actionable "when the allegedly deceptive practice was fully disclosed."  *Chen*, 954 F.3d at 501.  In *Chen*, the plaintiff alleged that Dunkin' Donuts' television advertisements for "Angus Steak & Egg Breakfast" sandwiches misled her to believe that they contained "intact" pieces of steak when in fact they "contained a ground beef patty with multiple additives."  *Id.* at 495.  Affirming the district court's dismissal of plaintiff's GBL claims, the Second Circuit noted that all three advertisements contained "multiple zoomed-in images that clearly depict the 'steak' in the Products as a beef patty" and therefore had fully disclosed their contents to consumers who could not be misled by the advertisements.  *Id.* at 501.  Here, as illustrated below from the Complaint, certain Starbucks menu boards depict zoomed-in images of the Refreshers® in transparent cups.  For example, the close-up image of the Strawberry Acai Lemonade Refreshers® beverage that Plaintiff purchased clearly does not show the presence of acai berries:



(*See* Compl. p. 5.)  As shown above, the same is also true for the other Refreshers® – the Mango Dragonfruit Lemonade and Mango Dragonfruit Refreshers® flavors do not depict mangoes and the Pineapple Passionfruit Lemonade and Pineapple Passionfruit Refreshers® flavors do not depict passionfruit.  As such, like in *Chen*, the absence of the fruits was disclosed to Plaintiff and would not mislead reasonable consumers.  *Chen*, 954 F.3d at 501; *see also Verzani v. Costco Wholesale Corp.,* 641 F. Supp. 2d 291, 299 (S.D.N.Y. 2009) (dismissing claim that reasonable consumers would believe product contained sixteen ounces of shrimp where "[t]he fictitious 'reasonable person' viewing the product through its clear packaging could see that the Tray included more than just shrimp").  Accordingly, even if Plaintiff believed the flavor names were also ingredient lists, the menu board images showed her which fruits are present in the Refreshers® and her claims fail as a matter of law for this additional reason.

      3.      <u>Information Available from Starbucks Baristas Sufficiently Dispels Any Potential Confusion</u>

Plaintiff's Complaint also ignores that, unlike a product on a store shelf, Starbucks Refreshers® are made-to-order beverages that are sold only in Starbucks cafés.  Just as a consumer can inquire about and specify the kind of milk when ordering an espresso-based beverage at Starbucks, so too can the consumer inquire about the ingredients in the Refreshers®.  Thus, if consumers are somehow confused by the Refreshers® flavor names, any confusion can be "sufficiently dispelled" by <u>asking</u> the Starbucks barista questions about the ingredients therein when placing an order.  *See Wallace*, 2021 WL 3163599, at *2 (noting that "to the extent that the packaging's reference to cheddar and sour cream 'may create confusion' as to whether the chips contain flavoring agents other than cheddar and sour cream, 'such confusion is sufficiently dispelled by the ingredients label on the back of the package'").

      4.      <u>The Cases Cited In Plaintiff's Pre-Motion Letter Are Inapposite</u>

In her pre-motion opposition letter, Plaintiff cites *Izquierdo v. Panera Bread Co.*, 450 F.Supp.3d 453 (S.D.N.Y. 2000) claiming it is "on all fours" with her claims.  (ECF No. 10, p. 2.) But that case is easily distinguishable and serves as a stark contrast.  In *Izquierdo*, the plaintiff

alleged that a bagel was advertised alongside a placard that read "Blueberry" with a picture of the bagel that appeared to contain small bits of real blueberry.  The bagel was sold and displayed next to a blueberry muffin that contained real, and not imitation, blueberries and was presented to customers near a sign advertising "menu transparency" and "clean food."  *Izquierdo*, 450 F.Supp.3d at 462.  There, the court reasoned that viewing the advertising for a blueberry bagel in context, a reasonable consumer could be misled to think that the bagel's "blueberry content consists solely of real blueberries, when in fact the [b]agel contains primarily imitation blueberries with a lesser quantity of real blueberries." *Id.* at 461-62.



Here, unlike in *Izquierdo*, Starbucks does not promote the Refreshers® as containing pieces of the "missing" fruit ingredients.  (Compl. ¶ 4.)  For example, unlike the pieces of fruit in the Panera blueberry bagel, there is nothing in the image of the Strawberry Acai Lemonade flavor (depicted at right) to suggest that there are bits of acai fruit in the beverage.  To the contrary, the image of the Refreshers® only depicts pieces of strawberry.  The central fact in the *Izquierdo* case – that a customer might see something that looked like a blueberry and conclude, incorrectly, that it was a real blueberry – is not present here.  Plaintiff does not allege that she believed that the bits of strawberry in the beverage were acai berry.  Instead, Plaintiff claims that the "Product's name posted on the Starbucks[] store's menu board" caused her to be misled.  (*Id.* ¶ 5.)  This distinction is important because, unlike in *Izquiderdo*, Starbucks is not implying that the Refreshers® contains pieces of acai when it does not – it is simply identifying the Refreshers® by its flavor.

Thus, in cases like this one, where Plaintiff's claims are entirely based on the name of the product, courts in this district have repeatedly distinguished *Izquierdo* in dismissing plaintiff's claims as a matter of law.  *See Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *5 (S.D.N.Y.

Jan. 19, 2021) (dismissing plaintiff's GBL claims as a matter of law, noting "[t]he court's conclusion in *Izquierdo* was based on the fact that a customer purchasing a blueberry bagel from the counter at Panera would see the blueberries and, without any other information, conclude that they were real when in fact they were imitation"); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020) (same, noting "it is not plausible to allege that a reasonable consumer would understand that the vanilla flavoring in a beverage is derived entirely from vanilla extract.  In short, *Izquierdo* is not analogous.").

The two other cases cited by Plaintiff in her pre-motion letter – *Schwartz v. Bai Brands,* 2020 WL 5875019 (C.D. Cal. July 31, 2020) and *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370 (S.D.N.Y. 2021) – are equally unavailing and contrary to more recent decisions in this district.

First, in *Schwartz*, a California district court found that under Ninth Circuit precedent it could not dismiss the plaintiff's claim that he was misled to believe that certain "Cocofusion" beverage flavor names contained the named fruits.  *See Schwartz,* 2020 WL 5875019, at *1, 5. However, in *Oldrey v. Nestlé Waters N. Am., Inc.*, 2022 WL 2971991 (S.D.N.Y. July 27, 2022), Judge Román recently dismissed a complaint alleging that consumers were misled by a label on a water bottle stating "With a Twist of Raspberry Lime" to believe that the products contained raspberry and lime.  *Id.* at *1.  There, the court reasoned that the phrase "merely represents that the Product is raspberry and lime flavored." *Id.* at *3.  The court further noted that "any 'confusion' that is created by the Product's labeling may be 'sufficiently dispelled by the ingredients on the back of the package.'" *Id.*[3]

Here, as in *Oldrey*, Plaintiff claims that she relied on the flavor name of the Strawberry Acai Lemonade Refreshers® in making her purchases and believed it to be a representation of the beverage's ingredients.  (Compl. ¶ 5.)  But Plaintiff does not identify any additional language

---

[3] In contrast to *Schwartz*, Judge Román also recognized a number of decisions within the Second Circuit which have dismissed GBL claims where plaintiffs have identified nothing beyond a flavor name.  *See id.* at *7-9 (collecting cases).

to advertise that the Refreshers® is actually made with acai, "or any other similar message that would convey to a reasonable consumer that the Product includes those particular ingredients." *Oldrey*, at *3.[4]  Thus, under the GBL, Plaintiff's claims are properly dismissed.  *Id.*

Second, in *Campbell*, the court found that the plaintiff had adequately pleaded that the defendant's graham crackers label design suggested that honey was an ingredient and not just a flavor.  *Campbell*, 516 F. Supp. 3d at 385.  However, the *Campbell* case has been repeatedly distinguished by courts in this district dismissing claims based on products' flavor names.  *See Warren v. Stop & Shop Supermarket, LLC*, 2022 WL 815300 (S.D.N.Y. Mar. 16, 2022); *Cruz*, 2021 WL 5119395, at *8 (finding *Campbell* distinguishable where "nothing on the Product label states or implies that the cookies' flavor is derived entirely or predominantly from real lemons or from natural, non-artificial ingredients").

For example, in *Warren*, the court dismissed the plaintiff's claim that graham crackers which mentioned "honey" and depicted dripping honey on the label caused her to believe that honey was an ingredient.  *Id.* at *1.  There, the court concluded that a "reasonable consumer would associate the 'honey' label with the Product's flavor and not as a particular ingredient, much less a predominant one."  *Id.* at *5.  Recognizing the "fact-specific" ruling in *Campbell*, the court explained that:

> *Campbell* is distinguishable because the label here depicts the word "honey" in a smaller white font with an orange background immediately below the words "Graham Crackers" in a larger blue font—which suggests that the term "honey" is subordinate to "Graham Crackers." Therefore, the Court concludes that a reasonable consumer would associate the "honey" []label with the Product's flavor and not as a particular ingredient, much less the predominant one.

*Id*.

---

[4] Plaintiff's pre-motion letter argues that *Oldrey* is distinguishable because, unlike in *Oldrey* where the product was advertised as spring water with natural flavors, Plaintiff "did not see any statement or information on the Starbucks menu board which informed her that there was no acai in the Product."  (ECF No. 10, at p. 2 [citing Compl. ¶ 5].)  However, the *Oldrey* court did not need to rely on disclosures regarding the product's contents in holding that the flavor name on the label was not misleading.  *See Oldrey*, 2022 WL 2971991 at *3.

Here, unlike in *Schwartz* and *Campbell*, Starbucks does not make <u>any</u> representations regarding the presence of the "missing" Refreshers® ingredients identified by Plaintiff. Starbucks does not even present images of acai, mango, or passionfruit on its menu boards. Instead, Starbucks simply lists the flavors of the Refreshers® from which consumers may choose.  Plaintiff does not identify any statements beyond these flavor names and does not allege that the Refreshers® do not taste like their flavors.  Accordingly, this case falls within the long line of decisions in this district dismissing flavor-based claims as a matter of law.  *See Wallace*, 2021 WL 3163599, at *2; *Parham,* 2021 WL 709632, at *3; *Cosgrove*, 520 F. Supp. 3d at 581-82; *Warren*, 2022 WL 815300, at *5; *Cruz*, 2021 WL 5119395, at *8.  Plaintiff's claims should similarly be dismissed.

> **B.      Plaintiff's Other Claims Also Fail as a Matter of Law**

Plaintiff further alleges claims for breach of express warranty, breach of implied warranty, and unjust enrichment.  As explained above, Plaintiff has not plausibly alleged any false or deceptive or materially misleading statements to support these claims and they can all be dismissed on that basis alone.  Plaintiff's claims also suffer from additional fatal defects as explained below.

> 1.      Plaintiff Has Failed to State a Claim for Breach of Express Warranty

To state a claim for breach of express warranty under New York law, "a plaintiff must  allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach."  *Petrosino v. Stearn's Prods.*, 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (citation  omitted).  However, Plaintiff has failed to plausibly plead facts to support the conclusion that the Starbucks Refreshers® flavors amount to factual representations of their ingredients.  *See Mazella v. Coca-Cola Co.,* 548 F. Supp. 3d 349, 361 (S.D.N.Y. 2021) (dismissing breach of warranty claims because plaintiff failed to plausibly allege any factual misrepresentation on the product label).  Accordingly, Plaintiff has failed to satisfy the first element and her claim must be dismissed.

2.    <u>Plaintiff Cannot Allege Facts Sufficient to Support Her Implied Warranty Claim</u>

Courts have held that a food product is unmerchantable only if it is "unfit for human consumption." *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sep. 14, 2015); *see also Kamara v. Pepperidge Farm, Inc.,* 570 F. Supp. 3d 69, 80 (S.D.N.Y. 2021). Plaintiff brings a claim for breach of the implied warranty of merchantability alleging that "[b]y advertising the Products with the names of specific fruits on its menu boards, Defendant made an implied promise in the Products' advertising that the Products contain these specific fruits." (Compl. ¶ 73.)  However, the implied warranty of merchantability when made in connection with food relates to whether it is fit for human consumption and does not guarantee that "the product will fulfill a 'buyer's every expectation.'" *Silva*, 2015 WL 5360022, at *11 (citation omitted). Plaintiff does not, and cannot, allege that the Refreshers® are unfit for human consumption. (Compl. ¶¶ 68-76.)  Thus, her breach of implied warranty claim must be dismissed.

3.    <u>Plaintiff's Unjust Enrichment Claim is Entirely Duplicative of Her Other Claims</u>

Finally, Plaintiff's unjust enrichment claim must be dismissed because it is entirely duplicative of her other claims.  *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012) ("[a]n  unjust  enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim").  Although in some cases a plaintiff may "plead unjust enrichment in the alternative", such claims cannot be "merely duplicative of their other causes of action."  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Warren* 2022 WL 815300, at *12.  Where, as here, Plaintiff's unjust enrichment claim is based on the same underlying  conduct – i.e., the Starbucks Refreshers® allegedly misleading advertising – courts routinely dismiss unjust enrichment claims as duplicative.  *See e.g., Davis v. Hain Celestial Grp., Inc.,* 297 F. Supp. 3d 327, 338 (E.D.N.Y. 2018); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2014).  Plaintiff's unjust enrichments claim should be dismissed.

V.    **CONCLUSION**

For the foregoing reasons, Starbucks respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated:  September 15, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _/s/ Sascha Henry_
     Paul W. Garrity
     Robert J. Guite (admitted *pro hac vice*)
     Sascha Henry (admitted *pro hac vice*)

30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
pgarrity@sheppardmullin.com
rguite@sheppardmullin.com
shenry@sheppardmullin.com

*Attorneys for Defendant Starbucks Corporation*