Robert Abiri, Esq.
abiri@cd-lawyers.com



October 25, 2022

**VIA ECF**

The Honorable John P. Cronan
United States District Court
500 Pearl St.
New York, NY 10007-1312
Courtroom: 12D

      Re:    ***Kominis v. Starbucks Corporation,*** *No. 1:22-cv-06673* – Response to Defendant Starbucks Corporation's Second Letter Motion for Conference Regarding Motion to Dismiss

Dear Judge Cronan:

    I write on behalf of Plaintiffs Joan Kominis and Jason McAllister ("Plaintiffs") in response to Defendant Starbucks Corporation's ("Defendant") October 21, 2022 pre-motion letter ("Letter") (ECF No. 19) seeking a conference regarding Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") (ECF No. 18). As Defendant recognizes, Plaintiffs' "amended complaint is essentially identical to the original complaint", the only difference being the addition of Plaintiff McAllister and his California claims. Thus, Plaintiffs will refrain from reciting the facts at issue in this litigation, which are located in Plaintiff Kominis' Response to Defendant's Letter Motion For Conference (ECF No. 10) and the CAC generally.

    Under both California and New York law, Plaintiffs' claims are governed by the reasonable consumer standard. Under this standard, plaintiffs must only prove ***at trial*** that reasonable consumers are ***likely to be deceived*** by a representation. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (emphasis added); *Williams v. Gerber*, 552 F.3d 934, 938 (9th Cir. 2008) (same). Notably, "the reasonable consumer standard ... raises questions of fact that are appropriate for resolution on a motion to dismiss only in '***rare situation***[***s***].'" *Atik v. Welch Foods, Inc.*, No. 15CV5405MKBVMS, 2016 WL 5678474, at *8 (E.D.N.Y. Sept. 30, 2016) (citation omitted) (emphasis added); *Williams*, 552 F.3d at 938 (same).

    This is not one of the "rare situations" where a consumer could not plausibly be misled. Indeed, courts routinely find similar representations to plausibly deceive reasonable consumers regarding a product's ingredients. *Izquierdo* is on all-fours. *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453 (S.D.N.Y. 2020). In *Izquierdo*, the court found that plaintiff plausibly alleged that, based on Panera Bread's in-store naming of their "Blueberry Bagel" product, a "reasonable consumer is likely to be misled

Robert Abiri, Esq.
abiri@cd-lawyers.com

into believing that the Bagel's blueberry content consists solely of real blueberries, when in fact the Bagel contains primarily imitation blueberries with a lesser quantity of real blueberries." *Id.* at 461-462. Similar to Panera Bread, Starbucks advertises their in-store products by a name which references specific ingredients. *See* FAC, ¶¶ 11-16. Other courts are in line with the finding in *Izquierdo*. *See e.g., Schwartz v. Bai Brands, LLC*, No. CV196249FMORAOX, 2020 WL 5875019, at *4 (C.D. Cal. July 31, 2020) (holding that beverages named 'Antioxidant Cocofusion Andes Coconut Lime' could be expected to contain coconut and lime.").

Here, Defendant argues that a consumer could not plausibly believe that, for example, a Mango Dragonfruit beverage contains mango. In support, Defendant cites to a few cases where the plaintiffs challenged the presence of vanilla flavoring in certain products. Letter at 2. However, Defendant's "Vanilla Cases" are factually and legally distinguishable. For example, in *Cosgrove*, the court acknowledged that the plaintiff challenged the "Vanilla Chai Tea Latte" as being made ***exclusively*** from vanilla beans, and held that "there is nothing to suggest the exclusive, or even predominant, use of vanilla beans as opposed to other sources. There is no reference to 'vanilla bean' or 'vanilla extract' anywhere on the packaging." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 582 (S.D.N.Y. 2021). In reaching this conclusion, the court also noted an important distinction which other courts in vanilla cases have found—that vanilla is usually a reference to *flavor* and not an *ingredient*. *Id.* ("However, as in *Steele*, *Pichardo*, and *Cosgrove*, the term [Vanilla] appears to describe a flavor more than an ingredient). This case is not about a flavoring, such as vanilla. Neither does this case pertain to the *source* of the ingredient or flavor (e.g., whether the vanilla is made exclusively from vanilla beans.) *See e.g.,* Cosgrove, 520 F. Supp. 3d at 582; *see also Oldrey v. Nestle Waters N. Am., Inc.*, No. 21 CV 03885 (NSR), 2022 WL 2971991, at *3 (S.D.N.Y. July 27, 2022) ("[T]here is nothing in the word "vanilla" itself that would lead a reasonable consumer to understand a product's flavor to be derived mostly or exclusively from the vanilla bean.") Rather, this case challenges the complete lack of specific, named fruits in the Products.

Defendant's cases are further distinguishable given that there is no disclaimer to inform consumers that the Products are missing an ingredient, such as in the Products' name or in-store advertising. This distinction is explicitly called out by *Wallace*, another case Defendant relies on. *See e.g., Wallace v. Wise Foods, Inc.*, 2021 WL 3163599, at *2 (S.D.N.Y. July 26, 2021) (holding that a reasonable consumer wouldn't be deceived regarding a product's ingredients when the challenged representation—"Cheddar & Sour Cream Flavored"—actually contained the word "*Flavored*.") (emphasis added). Further, the court also held that "to the extent that the packaging's reference to cheddar and sour cream 'may create confusion' as to whether the chips contain flavoring agents other than cheddar and sour cream," consumers could be expected to look at the ingredients list on the back of the product. *Id*. Here, the Products do not contain any disclaimer. *See* FAC, ¶¶ 5-6 (alleging that Plaintiffs "did not see any statement or information on the Starbucks menu board which informed [them] that there was no acai in the Product.") For these reasons, Plaintiffs have clearly alleged sufficient facts to show that reasonable consumers are plausibly misled by the Products' marketing and advertising.

Robert Abiri, Esq.
abiri@cd-lawyers.com

Defendant next argues that Plaintiffs cannot maintain their implied warranty claims under New York law[1] because their claims are based on the Products being unmerchantable, which occurs "only if [the products are] unfit for human consumption. Letter at 2. However, Defendant misreads the FAC and the scope of New York's implied warranty statute, which is not limited to situations where the goods are not merchantable because they are unfit for consumption. Indeed, as the FAC sets forth, "New York's implied warranty of merchantability statutes also provide that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." FAC ¶ 96 (citing N.Y. U.C.C. Law § 2-314(2)(f)). Here, the Products are advertised with the names of specific fruits, but do not contain these fruits. Thus, they do not conform with their advertisements. Indeed, New York courts refuse to dismiss implied warranty of merchantability claims involving foodstuffs under this provision. *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 470 (S.D.N.Y. 2020).

Next, Defendant argues that Plaintiff cannot maintain their claims for common law fraud because they "have failed to put forward any facts that give rise to a strong inference of fraudulent intent." Letter at 2-3. However, Plaintiffs have adequately alleged scienter. *Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1067 (N.D. Cal. 2009) (Under Rule 9(b), "knowledge need only be alleged *generally* to state a valid claim for fraud."); *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-cv-2484(JS) (AKT), 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015) (inferring intent to defraud based on defendant's knowledge that representation was misleading); FAC ¶ 23 (alleging that Defendant knew the Products' advertising was false as Defendant is the entity responsible for the Products' manufacturing and advertising).

Finally, Defendant argues that Plaintiffs cannot maintain their New York unjust enrichment claims because they are duplicative of their other claims. Letter at 3. However, to the extent the Court finds that Plaintiffs' claims for unjust enrichment are duplicative, Plaintiffs are permitted to plead claims in the alternative at this stage. *TOT Payments, LLC v. First Data Corp.*, 128 A.D.3d 468, 469, (2015); *see also* Fed. R. Civ. P 8(d) (allowing parties to plead claims in the alternative).

Plaintiffs are amenable to Defendant's proposed briefing schedule.

Sincerely,

Robert Abiri

---

[1] While Defendant claims that both Plaintiffs bring a claim for a breach of implied warranty and unjust enrichment under New York law, each Plaintiff brings these claims under their respective state laws. FAC ¶¶ 93-101 (Plaintiff Kominis' New York implied warranty claim); *Id.* ¶¶ 102-108 (Plaintiff McAllister's California implied warranty claim); *Id.* ¶¶ 109-115 (Plaintiffs' unjust enrichment claims for the "Classes").