**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joan Kominis and Jason McAllister, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   - against -<br><br>Starbucks Corporation,<br><br>          Defendant. | Case No. 1:22-cv-06673 JPC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Paul W. Garrity
Robert J. Guite (admitted *pro hac vice*)
Sascha Henry (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
pgarrity@sheppardmullin.com
rguite@sheppardmullin.com
shenry@sheppardmullin.com

*Attorneys for Defendant Starbucks Corporation*

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ................................................................................................1

II.     SUMMARY OF ALLEGATIONS ......................................................................3

      A.      Plaintiffs' Purchases from Starbucks ......................................................3

      B.      Starbucks Accurately Advertises Refreshers® Flavors On Its Menu Boards
                                                         ................................................................................3

III.    LEGAL STANDARD ON MOTION TO DISMISS...........................................5

IV.     THE COURT SHOULD DISMISS THE CONSOLIDATED AMENDED
      COMPLAINT .......................................................................................................6

      A.      Plaintiffs' GBL, CLRA, UCL, and FAL Claims Fail Because No
           Reasonable Consumer Would Be Deceived by The Refreshers® Flavor
           Names ........................................................................................................6

           1.      Starbucks Refreshers® Names Accurately Describe Their Flavors
                 On The Text-Only Menu Boards in Starbucks Cafés .................................8

           2.      Starbucks Advertising Accurately Represents The Refreshers®
                 Fruit Content ...........................................................................................11

           3.      Information Available from Starbucks Baristas Sufficiently Dispels
                 Any Potential Confusion...........................................................................13

            4.      The Cases Cited In Plaintiffs' Pre-Motion Letter Are Inapposite ............13

      B.      Plaintiffs' Breach of Warranty Claims Also Fail as a Matter of Law ..................16

           1.      Plaintiffs Failed to State Claims for Breach of Express Warranty
                 Under Either New York or California Law .................................................17

            2.      Plaintiffs Failed to Allege Facts Sufficient to Support Their Implied
                 Warranty Claims Under Either the New York or California Statutes
                 ..................................................................................................................17

      C.      Plaintiffs' Unjust Enrichment Claim is Entirely Duplicative of Their Other
           Claims and Should be Dismissed.............................................................18

      D.      Plaintiffs Have Not Stated a Claim for Common Law Fraud...............................19

V.      CONCLUSION..................................................................................................20

## **TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*Angeles v. Nestlé USA, Inc.*
__ F.Supp.3d __, 2022 WL 4626916 (S.D.N.Y. Sept. 20, 2022) ......................................15, 16

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ................................................................................................................5

*Becerra v. Dr Pepper/Seven Up, Inc.*
945 F.3d 1225 (9th Cir. 2019) ...............................................................................................7

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ................................................................................................................5

*Birdsong v. Apple, Inc.*
590 F.3d 955 (9th Cir. 2009) ...............................................................................................18

*Brown v. Starbucks Corp.*
2019 WL 996399 (S.D. Cal. Mar. 1, 2019) .......................................................................9, 16

*Budhani v. Monster Energy Co.*
527 F.Supp.3d 667 (S.D.N.Y. 2021) ......................................................................................6

*Chen v. Dunkin' Brands, Inc.*
954 F.3d 492 (2d Cir. 2020) ...............................................................................7, 10, 11, 12

*In re ConAgra Foods, Inc.*
90 F.Supp.3d 919 (C.D. Cal. 2015) ......................................................................................17

*Corsello v. Verizon N.Y., Inc.*
967 N.E.2d 1177 (N.Y. 2012) ..............................................................................................18

*Cosgrove v. Oregon Chai, Inc.*
520 F.Supp.3d 562 (S.D.N.Y. 2021) ...................................................................................8, 16

*Cruz v. D.F. Stauffer Biscuit Co., Inc.*
2022 WL 4592616 (S.D.N.Y. Sept. 29, 2022) ...................................................................9, 16

*Davis v. Hain Celestial Grp., Inc.*
297 F.Supp.3d 327 (E.D.N.Y. 2018) ....................................................................................19

*Ebner v. Fresh, Inc.*
838 F.3d 958 (9th Cir. 2016) ..............................................................................................6, 7

*Fahey v. Whole Foods Mkt.*
2021 WL 2816919 (N.D. Cal. June 30, 2021) ...................................................................9, 16

*Fink v. Time Warner Cable*
   714 F.3d 739 (2d Cir. 2013)......................................................................................7

*Freeman v. Time, Inc.*
   68 F.3d 285 (9th Cir. 1995) ......................................................................................6

*Horti v. Nestle HealthCare Nutrition, Inc.*
   2022 WL 2441560 (N.D. Cal. July 5, 2022)...........................................................17

*Izquierdo v. Panera Bread Co.*
   450 F.Supp.3d 453 (S.D.N.Y. 2000)...........................................................13, 14, 15

*Kamara v. Pepperidge Farm, Inc.*
   570 F.Supp.3d 69 (S.D.N.Y. 2021) ........................................................................18

*Koenig v. Boulder Brands, Inc.*
   995 F.Supp.2d 274 (S.D.N.Y. 2014)......................................................................19

*Lee v. Mondelez Int'l, Inc.*
   2022 WL 16555586 (S.D.N.Y. Oct. 28, 2022) ......................................................19

*Lerner v. Fleet Bank, N.A.*
   459 F.3d 273 (2d Cir. 2006)...................................................................................19

*Mazella v. Coca-Cola Co.*
   548 F.Supp.3d 349 (S.D.N.Y. 2021).......................................................................17

*McKell v. Washington Mut., Inc.*
   142 Cal.App.4th 1457 (2006) .................................................................................19

*McKinniss v. Kellogg USA*
   2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ..................................................9, 19

*Nacarino v. Chobani, LLC*
   2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) .......................................................8, 16

*Nelson v. MillerCoors, LLC*
   246 F.Supp.3d 666 (E.D.N.Y. 2017) ......................................................................19

*Oldrey v. Nestlé Waters N. Am., Inc.*
   2022 WL 2971991 (S.D.N.Y. July 27, 2022) .....................................................15, 16

*Orlander v. Staples, Inc.*
   802 F.3d 289 (2d Cir. 2015)......................................................................................6

*Parham v. ALDI, Inc.*
   2021 WL 709632 (S.D.N.Y. Feb. 15, 2021)........................................................8, 16

*Petrosino v. Stearn's Prods.*
   2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) .......................................................................17

*Pichardo v. Only What You Need, Inc.*
   2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) .......................................................................14

*Rubenstein v. The Gap, Inc.*
   14 Cal.App.5th 870 (2017) .................................................................................................13

*Schwartz v. Bai Brands*
   2020 WL 5875019 (C.D. Cal. July 31, 2020) ......................................................................15

*Shaeffer v. Califa Farms, LLC*
   44 Cal.App.5th 1125 (2020) .................................................................................................7

*Silva v. Smucker Nat. Foods, Inc.*
   2015 WL 5360022 (E.D.N.Y. Sep. 14, 2015) ................................................................17, 18

*Thomas v. Costco Wholesale Corp.*
   2014 WL 5872808 (N.D. Cal. Nov. 12, 2014) .....................................................................18

*Verzani v. Costco Wholesale Corp.*
   641 F.Supp.2d 291 (S.D.N.Y. 2009).....................................................................................12

*Wallace v. Wise Foods, Inc.*
   2021 WL 3163599 (S.D.N.Y. July 26, 2021) .......................................................8, 10, 13, 16

*Warren v. Stop & Shop Supermarket, LLC*
   2022 WL 815300 (S.D.N.Y. Mar. 16, 2022) ..................................................................16, 19

*Werbel v. Pepsico, Inc.*
   2010 WL 2673860 (N.D. Cal. July 2, 2010).....................................................................11, 12

*West v. JPMorgan Chase Bank, N.A.*
   214 Cal.App.4th 780 (2013) ................................................................................................19

*Williams v. Beechnut Nutrition Corp.*
   185 Cal.App.3d 135 (1986) .................................................................................................17

*Wurtzburger v. Ky. Fried Chicken*
   2017 WL 6416296 (S.D.N.Y. Dec. 13, 2017) ........................................................................7

*Wynn v. Topco Assocs., LLC*
   2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ........................................................................14

<u>Statutes</u>

21 U.S.C. § 343(q)(5)(H)(i)-(ii)............................................................................................3

Cal. Civ. Code § 1770 .................................................................................................6

Cal. Com. Code § 2313 ...............................................................................................1

Cal. Com. Code § 3213 ...............................................................................................1

California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*
.................................................................................................1, 6, 7, 13, 17

California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*
.................................................................................................1, 6, 7, 13, 17

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*
.................................................................................................1, 6, 7, 13, 17

New York General Business Law ("GBL") §§ 349 and 350 ...........................1, 6, 7, 9, 11, 14, 15

New York U.C.C. ........................................................................................................1

Federal Rules of Civil Procedure

    8(a) ......................................................................................................................5

    9(b) ....................................................................................................................19

    12(b)(6) ...............................................................................................................5

I.    **INTRODUCTION**

Plaintiffs Joan Kominis and Jason McAllister ("Plaintiffs") cannot state a claim for relief because no reasonable consumer would be misled by the names of Defendant Starbucks Corporation's ("Starbucks") Refreshers® beverages.  Starbucks sells its hand-crafted and made-to-order Starbucks Refreshers® beverages, which are caffeine-containing iced drinks, in its cafés. The Starbucks Refreshers® beverages come in a variety of flavors, including Mango Dragonfruit, Mango Dragonfruit Lemonade, Paradise Drink, Pink Drink, Strawberry Acai, Strawberry Acai Lemonade, Dragon Drink, Pineapple Passionfruit, and Pineapple Passionfruit Lemonade.  Starbucks lists the Refreshers® flavors on its menu boards.

Plaintiffs claim they were deceived because the Strawberry Acai Lemonade Refreshers® and Strawberry Acai Refreshers® they respectively purchased allegedly did not contain actual acai fruit.  There is no dispute that their Refreshers® tasted like strawberry acai.  Plaintiffs also do not allege that the menu boards in Starbucks cafés state that the Refreshers® contain actual acai fruit or that the images of the Refreshers® on the menu board depict acai fruit.  Rather, Plaintiffs' complaint is directed to the names of the Refreshers®.  Plaintiffs insist that the flavor names – which serve to differentiate between the flavors of the Refreshers® beverages – deceive consumers into believing that they contain actual fruit when they do not.[1]

Plaintiffs' claims[2] all fail as a matter of law.  First, Plaintiffs' New York GBL claims and California CLRA, FAL and UCL claims (the "statutory claims") fail because no reasonable

---

[1] Plaintiffs' allegations are factually inaccurate, but are treated as true solely for purposes of the motion to dismiss.

[2] Plaintiff Kominis seeks to represent a class of New York consumers with the following claims: (1) Violation of New York General Business Law ("GBL") § 349; (2) Violation of New York GBL § 350; (3) Breaches of Express Warranty, N.Y. U.C.C. Law § 2-313; and (4) Breaches of Implied Warranty, N.Y. U.C.C. Law § 2-314.

Plaintiff McAllister seeks to represent a class of California consumers with the following claims: (1) Violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (2) Violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; (3) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*; (4) Breaches of Express Warranty, Cal. Com. Code § 3213; and (5) Breaches of Implied Warranty, Cal. Com. Code § 2313.  Plaintiffs also allege claims for unjust enrichment and common law fraud individually and on behalf of both putative classes.

consumer would be misled by the flavor names of the Starbucks Refreshers®.  Courts in the Second and Ninth Circuit have repeatedly held that accurate representations of flavor names, without more, do not deceive a reasonable consumer into believing that products contain certain ingredients.  Plaintiffs ordered and received strawberry acai flavored Refreshers® and the Court should therefore find that they have not been deceived as a matter of law.  Additionally, though Plaintiffs claim that they were misled by the Refreshers® names, the Consolidated Amended Complaint ("Amended Complaint") also includes images of the beverages. A reasonable consumer viewing the image of a Strawberry Acai Starbucks Refreshers® would see it contains pieces of strawberry, and does not contain pieces of acai.  Because no reasonable consumer would be misled by the Refreshers® flavor names and a reasonable consumer would understand from the images on the menu board that a Strawberry Acai Refreshers® does not contain actual acai fruit, Plaintiffs have not stated a claim as a matter of law.

Second, Plaintiffs' ancillary claims for breach of express warranty under New York and California law fail for the same reason as their statutory claims – the Amended Complaint fails to plead a false or misleading statement regarding the Refreshers®.  Plaintiffs' breach of implied warranty claims additionally fail because they do not allege that the Refreshers® fall below a minimum level of quality such that they are "unfit for human consumption."

Third, Plaintiffs' claims for unjust enrichment and common law fraud should likewise be dismissed.  The unjust enrichment claim is entirely duplicative of Plaintiffs' other claims.  And the common law fraud claim fails to allege any intentional or fraudulent misrepresentation by Starbucks with the requisite level of particularity under the heightened pleading standard for fraud claims.

For these reasons, and the reasons below, Plaintiffs' Amended Complaint should be dismissed in its entirety.

II.    <u>**SUMMARY OF ALLEGATIONS**</u>

A.    **Plaintiffs' Purchases from Starbucks**

Plaintiff Kominis resides in Astoria, New York and alleges that she purchased the

Strawberry Acai Lemonade Refreshers® at Starbucks locations in New York.  (ECF No. 18,

Amended Complaint ¶ 5.)  Plaintiff McAllister resides in Fairfield, California and alleges that he

purchased the Strawberry Acai Refreshers® at Starbucks locations in California.  (*Id.* ¶ 6.)

Plaintiffs both allege that, at the time of their purchases of the Strawberry Acai

Lemonade Refreshers® and Strawberry Acai Refreshers® respectively, they believed that the

Refreshers® contained acai "[b]ased on the Product's name posted on the Starbucks[] store's

menu board." (*Id.* ¶¶ 5, 6.)  Plaintiffs further allege they "did not see any statement or

information on the Starbucks menu board which informed [them] that there was no acai in the

Product."  (*Id.*)  Plaintiffs claim, however, that the Refreshers® do not contain acai and "[h]ad

[they] known that the Product did not contain acai, [they] would not have purchased it, or would

have paid significantly less for it."  (*Id.*)

Plaintiffs do not allege that Starbucks failed to make any FDA-mandated disclosures in

its cafés.[3]  Plaintiffs also do not allege that the baristas who prepared their hand-crafted

Refreshers® made any representations regarding the fruit content or that they were precluded

from asking any questions relevant to them in making their decisions to purchase the

Refreshers®.

B.    **Starbucks Accurately Advertises Refreshers® Flavors On Its Menu Boards**

Plaintiffs purport to bring their claims on behalf of purchasers of six Starbucks

Refreshers® flavors: (1) Mango Dragonfruit Lemonade; (2) Mango Dragonfruit; (3) Strawberry

Acai Lemonade; (4) Strawberry Acai; (5) Pineapple Passionfruit Lemonade; and (6) Pineapple

Passionfruit.  (*Id.* ¶ 2.)  Plaintiffs do not challenge other Starbucks Refreshers® flavors such as

"Pink Drink", "Dragon Drink", "Paradise Drink", and "Kiwi Starfruit" which are sold alongside

---

[3] *See* 21 U.S.C. § 343(q)(5)(H)(i)-(ii) (listing required disclosures for food establishments with
more than 20 locations doing business under same name).

the products Plaintiffs place at issue.  (*See* Amended Complaint pp. 5-6 [depicting these flavors on Starbucks menu boards].)  Starbucks Refreshers® are listed on menu boards in Starbucks cafés alongside other made-to-order beverages.  The following examples of Starbucks menu boards are included in Plaintiffs' Amended Complaint:





As shown above, some text-only menu boards list the flavors – such as Strawberry Acai and

Mango Dragonfruit – alongside other unchallenged Refreshers® flavors such as Pink Drink,

Dragon Drink, and Kiwi Starfruit.  (*Id.*)  The text-only menu boards make clear that the flavors,

which are listed under "Tea and Refreshment", are for "*Starbucks Refreshers® Beverages.*"  (*Id.*)

Other menu boards in Starbucks cafés depict images of the Refreshers® in transparent containers

alongside their flavor names and a statement that they are "Starbucks Refreshers®."  (*Id.*)  On

those menu boards, the fruit content of the Refreshers® is shown in the transparent containers.

(*Id.*)  Plaintiffs do not identify any statement on any menu boards that Refreshers® contain

certain fruit ingredients.

As explained below, the flavor names of the Refreshers® do not mislead a reasonable

consumer regarding the Refreshers® ingredients.

## III.   LEGAL STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain

statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  If a

complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6).  To survive

a motion to dismiss, "a complaint must contain either direct or inferential allegations respecting

all the material elements necessary to sustain recovery under some viable legal theory."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation, quotations, and emphasis omitted).

Thus, a complaint that sets forth a mere "formulaic recitation of the elements" will not

survive a motion to dismiss; indeed, a plaintiff must provide "enough facts to state a claim to

relief that is plausible on its face" and bear the burden of "nudg[ing] their claims across the line

from conceivable to plausible."  *Id.* at 555, 570.  Determining whether a complaint states a

plausible claim for relief is "a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV.   THE COURT SHOULD DISMISS THE CONSOLIDATED AMENDED COMPLAINT

### A.   Plaintiffs' GBL, CLRA, UCL and FAL Claims Fail Because No Reasonable Consumer Would Be Deceived by The Refreshers® Flavor Names

Plaintiffs are unable to plead their statutory claims because a reasonable consumer does not share Plaintiffs' interpretation of the Refreshers® flavor names.

Both New York and California law require that a plaintiff plausibly allege that a significant portion of reasonable consumers are likely to be deceived by the allegedly deceptive act. To state a claim under GBL Sections 349 and 350, a plaintiff must allege that Starbucks "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). To satisfy the materially misleading element, a plaintiff "must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Budhani v. Monster Energy Co.*, 527 F.Supp.3d 667, 676 (S.D.N.Y. 2021) (citations omitted).

Similarly, under California law, the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL prohibits "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17500. Like GBL Sections 349-350, the CLRA, UCL, and FAL are each "governed by the 'reasonable consumer test.'" *Moore*, 4 F.4th at 882 (affirming grant of motion to dismiss CLRA, UCL, and FAL claims on the ground that no reasonable consumer would have been misled); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Under this standard, the plaintiff must show that "members of the public are likely to be deceived." *Freeman*, 68 F.3d at 289. As the Ninth Circuit recently reminded, this is "not a negligible burden." *Moore*, 4 F.4th at 882. Indeed, it requires "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh,*

*Inc.*, 838 F.3d 958, 965-99 (9th Cir. 2016) (affirming grant of motion to dismiss CLRA, UCL, and FAL claims because no reasonable consumer would have been misled).

Courts may determine as a matter of law that an act is not misleading to a reasonable consumer under both New York and California law. Under GBL Sections 349 and 350, "it is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (citation omitted) (affirming grant of motion to dismiss GBL §§ 349 and 350 claims). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, <u>context is crucial</u>." *Id.* at 501 (emphasis added) (citing *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019)); *see also Wurtzburger v. Ky. Fried Chicken*, 2017 WL 6416296, at *3 (S.D.N.Y. Dec. 13, 2017) ("[c]ourts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole."); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

Likewise, dismissal is appropriate under California's CLRA, UCL, and FAL where a court can conclude that an alleged misrepresentation is not misleading as a matter of law because it would not deceive a reasonable consumer. *Moore*, 4 F.4th at 876. While Plaintiffs contend in their pre-motion opposition letter that factual determinations under the reasonable consumer standard should rarely be resolved at the motion to dismiss stage (ECF No. 20, p. 1), courts can, and should, apply the reasonable consumer standard on a motion to dismiss. *See, e.g.*, *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (affirming grant of motion to dismiss CLRA, FAL, and UCL claims under reasonable consumer standard); *Ebner*, 838 F.3d at 965 (same); *see also Shaeffer v. Califa Farms, LLC*, 44 Cal.App.5th 1125, 1140 (2020) (affirming sustaining of demurrer after applying reasonable consumer standard). Courts may use their "common sense" when applying the reasonable consumer standard at the pleading stage. *Becerra*, 945 F.3d at 1228 (citing *Ashcroft*, 556 U.S. at 679).

As explained below, the Refreshers® information listed on Starbucks menu boards does not plausibly mislead a significant portion of the general consuming public.

1.      Starbucks Refreshers® Names Accurately Describe Their Flavors On The
         Text-Only Menu Boards in Starbucks Cafés

Starbucks accurately lists all of the Refreshers® by name on the menu boards in its cafés.
Plaintiffs' claims rely entirely on the flavor names of the Refreshers® and they improperly
attempt to convert the flavor names into ingredient lists.  (*See* Amended Complaint ¶¶ 3, 16-17,
"Mango Dragonfruit and Mango Dragonfruit Lemonade Refreshers contain **no mango**, the
Pineapple Passionfruit and Pineapple Passionfruit Lemonade Refreshers contain **no passionfruit**,
and the Strawberry Acai and Strawberry Acai Lemonade Refreshers contain **no acai**"]).  But a
reasonable consumer understands, for example, that "Strawberry Acai" describes the flavor of
the Refreshers® and is not a representation that the product contains strawberry <u>and</u> acai.

In cases with similar allegations, numerous courts in this district have dismissed claims
based on flavor descriptors because there was nothing in the products' advertising to indicate that
the flavor descriptor also represented the products' ingredients.  *See e.g., Cosgrove v. Oregon
Chai, Inc.*, 520 F.Supp.3d 562, 581-82 (S.D.N.Y. 2021) (granting motion to dismiss because the
word "vanilla" "appears to describe a flavor more than an ingredient" where there was "no
reference to 'vanilla bean' or 'vanilla extract' anywhere on the packaging; nor [was] there any
reference to the product being 'made with' or 'made from' any part of the vanilla plant");
*Parham v. ALDI, Inc.,*  2021 WL 709632, at *3 (S.D.N.Y. Feb. 15, 2021) ("A reasonable
consumer would understand that the word 'vanilla' on the front of the carton describes how the
Product tastes, not what it contains, especially in circumstances where the ingredients listed …
do not mention vanilla at all."); *see also Wallace v. Wise Foods, Inc.*, 2021 WL 3163599, at *2
(S.D.N.Y. July 26, 2021) ("[a] reasonable consumer would not make broad assumptions about
the chips' ingredients based on the representation that they are cheddar and sour cream
*flavored*.").

Similarly, courts in California have dismissed claims alleging that a product's flavor
descriptor also represented its ingredients.  *See Nacarino v. Chobani, LLC*, 2021 WL 3487117, at
*5 (N.D. Cal. Aug. 9, 2021) ("This Court therefore joins the many other courts that have

considered this issue and concluded that the term 'vanilla' on vanilla-flavored products merely indicates flavor and not an ingredient source.  The label 'vanilla' most commonly denotes the flavor of the product, distinguishing it from, *e.g.*, 'Banana' or 'Coconut.'"); *Fahey v. Whole Foods Mkt.*, 2021 WL 2816919, at *5-6 (N.D. Cal. June 30, 2021) (same); *Brown v. Starbucks Corp.*, 2019 WL 996399 at *2-3 (S.D. Cal. Mar. 1, 2019) (concluding that statements on the product's label describing the fruit flavors of candies would not mislead a reasonable consumer into believing the product contained only natural ingredients); *McKinniss v. Kellogg USA*, 2007 WL 4766060, at *3-5 (C.D. Cal. Sept. 19, 2007).

Recently in *Cruz v. D.F. Stauffer Biscuit Co., Inc.*, 2022 WL 4592616, at *2 (S.D.N.Y. Sept. 29, 2022), the district court dismissed with prejudice a complaint alleging that the word "Lemon" and images of "freshly picked" lemons on lemon snap packages misled her to believe that the cookies' lemon flavor "comes predominantly, if not exclusively, from lemons."  *Id.* Dismissing the GBL claims, the court explained that "nothing on the Product label states or implies that the cookies' flavor is derived entirely or predominantly from real lemons or from natural, non-artificial ingredients."  *Id.* at *5 (collecting cases).  As the court further explained, "Plaintiffs do not allege that the Product does not taste like lemons, and therefore a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is not misled."  *Id.*

Here, Plaintiffs assert that they were misled "[b]ased on the ***Product's name*** posted on the Starbucks[] store's menu board." (Amended Complaint ¶ 5 (emphasis added).)  The text-only menu board simply lists the flavors and notes that each pertains to "*Starbucks Refreshers® Beverages."  (*See id*. p. 6):



Plaintiffs do not identify any specific statements on the text-only menu board to support their "broad assumptions" about the Refreshers® ingredients based on the representations that they are strawberry acai flavored. *Wallace*, 2021 WL 3163599, at *2. Thus, no reasonable consumer would be misled by the Refreshers® name into believing it also identifies the ingredients.

Plaintiffs' proffered interpretations of the flavor names also ignore the context presented on the menu boards, which both the Second and Ninth Circuit have recognized is critical to assessing claims under the reasonable consumer standard. *Chen,* 954 F.3d at 501; *Moore*, 4 F.4th at 882. A reasonable consumer would be aware of these other flavors on the menu board – which also cannot be reasonably understood to be a promise of specific ingredients – when selecting a Refreshers® flavored beverage. As shown in the menus, "Pink Drink", "Dragon Drink", and "Paradise Drink" are listed alongside the challenged Refreshers®, but of course Plaintiff does not complain that these other Refreshers® flavors do not contain "pink" or "dragon" or "paradise." This is because a reasonable consumer knows that all of the names listed represent flavor differentiators, not specific ingredients. "Paradise Drink" is a representation that the Refreshers® drink has a tropical flavor, just as "Strawberry Acai" indicates that the drink tastes like strawberry acai. Plaintiffs' interpretations are therefore

particularly unreasonable in light of the context of the other Refreshers® flavors listed on the same board.

2.  <u>Starbucks Advertising Accurately Represents The Refreshers® Fruit Content</u>

Plaintiffs' allegations are even more implausible when considered with the context provided by the images on the menu boards depicting the contents of the Refreshers®.  (*See* Amended Complaint p. 5.)  Claims under GBL Sections 349 and 350 are not actionable "when the allegedly deceptive practice was fully disclosed."  *Chen*, 954 F.3d at 501.  In *Chen*, the plaintiff alleged that Dunkin' Donuts' television advertisements for "Angus Steak & Egg Breakfast" sandwiches misled her to believe that they contained "intact" pieces of steak when in fact they "contained a ground beef patty with multiple additives."  *Id.* at 495.  Affirming the district court's dismissal of plaintiff's GBL claims, the Second Circuit noted that all three advertisements contained "multiple zoomed-in images that clearly depict the 'steak' in the Products as a beef patty" and therefore had fully disclosed their contents to consumers who could not be misled by the advertisements.  *Id.* at 501.

California law similarly supports this conclusion.  For example, in *Werbel v. Pepsico, Inc.*, 2010 WL 2673860, at *3-5 (N.D. Cal. July 2, 2010), the court concluded that no reasonable consumer could be misled to believe that Cap'n Crunch "Crunch Berries" cereal derived any nutritional value from real berries because the box contained images of the "Crunch Berries" that did "not even remotely resemble any naturally occurring fruit of any kind."  *Werbel*, 2010 WL 2673860 at *3.  Instead, the Crunch Berries were depicted as "cereal balls with a rough, textured surface in hues of deep purple, teal, chartreuse green and bright red."  *Id.*

Here, as illustrated below from the Amended Complaint, certain Starbucks menu boards depict zoomed-in images of the Refreshers® in transparent cups.  For example, the close up image of the Strawberry Acai Lemonade Refreshers® beverage that Plaintiff Kominis purchased does not show the presence of acai berries:



(*See* Amended Complaint p. 5.)  As shown above, the same is also true for the other

Refreshers®; the Mango Dragonfruit Lemonade and Mango Dragonfruit Refreshers® flavors do

not depict mangoes and the Pineapple Passionfruit Lemonade and Pineapple Passionfruit

Refreshers® flavors do not depict passionfruit.  As such, like in *Chen* and *Werbel*, the absence of

the fruits was disclosed to Plaintiffs and a reasonable consumer would not be misled.  *Chen*, 954

F.3d at 501; *Werbel*, 2010 WL 2673860 at *3; *see also Verzani v. Costco Wholesale Corp.,* 641

F.Supp.2d 291, 299 (S.D.N.Y. 2009) (dismissing claim that a reasonable consumer would

believe a product contained sixteen ounces of shrimp where "[t]he fictitious 'reasonable person'

viewing the product through its clear packaging could see that the Tray included more than just

shrimp").  Accordingly, even if Plaintiffs believed the flavor names were also ingredient lists, the

menu board images showed them which fruits are present in the Refreshers® and their claims

fail as a matter of law for this additional reason.

3.     Information Available from Starbucks Baristas Sufficiently Dispels Any
       Potential Confusion

Plaintiffs' Amended Complaint also ignores that, unlike a product on a store shelf,

Starbucks Refreshers® are made-to-order beverages that are sold only in Starbucks cafés.  Just as

a consumer can inquire about and specify the kind of milk when ordering an espresso-based

beverage at Starbucks, so too can a consumer inquire about the ingredients in the Refreshers®.

Thus, if a consumer were somehow confused by the Refreshers® flavor names, any confusion

can be "sufficiently dispelled" by *asking* the Starbucks barista questions about the ingredients

therein when placing an order.  *See Wallace*, 2021 WL 3163599, at \*2 (noting that "to the extent

that the packaging's reference to cheddar and sour cream 'may create confusion' as to whether

the chips contain flavoring agents other than cheddar and sour cream, 'such confusion is

sufficiently dispelled by the ingredients label on the back of the package'").  Indeed, a

"reasonable" consumer who was concerned about the ingredients in their beverage would have

done so.  *See Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870 (2017) (affirming dismissal of

plaintiffs' UCL, CLRA, and FAL claims, noting that "a consumer for whom the retail history of

factory store items is material can ask Gap employees about this.").

4.     The Cases Cited In Plaintiffs' Pre-Motion Letter Are Inapposite

In their pre-motion opposition letter, Plaintiffs cite *Izquierdo v. Panera Bread Co.*, 450

F.Supp.3d 453 (S.D.N.Y. 2000) claiming it is "on all fours".  (ECF No. 20, p. 1.)   But that case

is easily distinguishable and serves as a stark contrast.  In *Izquierdo*, the plaintiff alleged that a

bagel was advertised alongside a placard that read "Blueberry" with a picture of the bagel that

appeared to contain small bits of real blueberry.  *Izquierdo*, 450 F.Supp.3d at 462.  The bagel

was sold and displayed next to a blueberry muffin that contained real, and not imitation,

blueberries and was presented to customers near a sign advertising "menu transparency" and

"clean food."  *Id.*  There, the court reasoned that viewing the advertising for a blueberry bagel in

context, a reasonable consumer could be misled to think that the bagel's "blueberry content

consists solely of real blueberries, when in fact the [b]agel contains primarily imitation blueberries with a lesser quantity of real blueberries." *Id.* at 461-62.

Here, unlike in *Izquierdo*, Starbucks does not promote the Refreshers® as containing pieces of the "missing" fruit ingredients.  (Amended Complaint ¶ 4.)  For example, unlike the pieces of fruit in the Panera blueberry bagel, there is nothing in the image of the Strawberry Acai Lemonade flavor (depicted at right) to suggest that there are bits of acai fruit in the beverage. To the contrary, the image of the Refreshers® only depicts pieces of strawberry.  The central fact in the *Izquierdo* case – that a customer might see something that looked like a blueberry and conclude, incorrectly, that it was a real blueberry – is not present here.  Plaintiffs do not allege that they believed that the bits of strawberry in the beverage were acai berry.  Instead, Plaintiffs claim that the "Product's name posted on the Starbucks[] store's



Strawberry Açai Lemonade
Starbucks Refreshers·

GRANDE  4.95  |  140 CAL

menu board" caused them to be misled.  (*Id.* ¶¶ 5-6.)  This distinction is important because, unlike in *Izquiderdo*, Starbucks is not implying that the Refreshers® contains pieces of acai when it does not – it is simply identifying the Refreshers® by its flavor.

Thus, in cases like this one, where the plaintiffs' claims are entirely based on the name of the product, courts in this district have twice distinguished *Izquierdo* and dismissed those claims as a matter of law.  *See Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *5 (S.D.N.Y. Jan. 19, 2021) (dismissing plaintiff's GBL claims as a matter of law, noting "[t]he court's conclusion in *Izquierdo* was based on the fact that a customer purchasing a blueberry bagel from the counter at Panera would see the blueberries and, without any other information, conclude that they were real when in fact they were imitation"); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *5 (S.D.N.Y. Oct. 27, 2020) (same, noting "it is not plausible to allege that a

reasonable consumer would understand that the vanilla flavoring in a beverage is derived entirely from vanilla extract.  In short, *Izquierdo* is not analogous.").

The other case cited by Plaintiffs in their pre-motion letter – *Schwartz v. Bai Brands,* 2020 WL 5875019 (C.D. Cal. July 31, 2020) – is equally unavailing and contrary to more recent decisions in this district and the Ninth Circuit.  In *Schwartz,* a California district court declined to dismiss the plaintiff's claim at the pleading stage, citing Ninth Circuit precedent. *See Schwartz,* 2020 WL 5875019, at *1, 5.  However, since that district court's ruling in *Schwartz,* the Ninth Circuit has made clear that such claims may be dismissed at the pleading stage where a court finds – as this Court should find here – that no "affirmative misrepresentations" are made to consumers.  *Moore,* 4 F.4th at 886.

Moreover, the truncated analysis in *Schwartz* is in contrast to more well-reasoned decisions in this district.  For example, in *Oldrey v. Nestlé Waters N. Am., Inc.,* 2022 WL 2971991 (S.D.N.Y. July 27, 2022), the district court recently dismissed a complaint alleging that consumers were misled by the phrase "With a Twist of Raspberry Lime" on a water bottle label to believe that the bottled water contained raspberry and lime.  *Id.* at *1.  There, the court reasoned that the phrase "merely represents that the Product is raspberry and lime flavored."  *Id.* at *3.[4]  Similar reasoning was also recently endorsed by another court in this district which dismissed the plaintiff's claims with prejudice.  *See Angeles v. Nestlé USA, Inc.,* __ F.Supp.3d __, 2022 WL 4626916, at *5-6 (S.D.N.Y. Sept. 20, 2022) (granting defendant's motion to dismiss finding a water bottle label using "the phrase 'Lemon & Lemon Zest' merely represents that the Product is lemon flavored.  The Product does not use language such as 'made with lemon,' 'made with lemon zest,' or any other similar message that would convey to a reasonable consumer that the Product includes those ingredients.").

---

[4] The *Oldrey* court also recognized a number of decisions within the Second Circuit which have dismissed GBL claims where plaintiffs have identified nothing beyond a flavor name.  *See id.* at *3-4.

Likewise, in *Warren v. Stop & Shop Supermarket, LLC*, 2022 WL 815300 (S.D.N.Y. Mar. 16, 2022), the court dismissed the plaintiff's claim that graham crackers with a label that mentioned "honey" and depicted dripping honey on the label caused her to believe that honey was an ingredient. *Id.* at *1. There, the court concluded that a "reasonable consumer would associate the 'honey' label with the Product's flavor and not as a particular ingredient, much less a predominant one." *Id.* at *5. Accordingly, the court dismissed the claims with prejudice. *Id.*

Here, as in *Oldrey, Angeles* and *Warren*, Plaintiffs claim that they believed the flavor names to be a representation of the beverages' ingredients. (Amended Complaint ¶ 5.) But Starbucks does not make <u>any</u> representations regarding the presence of the allegedly "missing" Refreshers® ingredients, nor do Plaintiffs identify "any other similar message that would convey to a reasonable consumer that the Product includes those ingredients." *Angeles*, 2022 WL 4626916 at *4. Starbucks does not even present images of acai, mango, or passionfruit on its menu boards. Instead, Starbucks simply lists the flavors of the Refreshers® from which consumers may choose.

Because Plaintiffs do not identify any statements beyond the flavor names – and do not allege that the Refreshers® do not taste like their flavors – this case falls within the long line of decisions in this district, and in California, dismissing flavor-based claims as a matter of law. *See Wallace*, 2021 WL 3163599, at *2; *Parham,* 2021 WL 709632, at *3; *Cosgrove*, 520 F.Supp.3d at 581-82; *Warren*, 2022 WL 815300, at *5; *Cruz*, 2021 WL 5119395, at *8; *Nacarino*, 2021 WL 3487117, at *5; *Fahey*, 2021 WL 2816919, at *5-6; *Brown*, 2019 WL 996399, at *2-3. Plaintiffs' claims should similarly be dismissed.

### B.    Plaintiffs' Breach of Warranty Claims Also Fail as a Matter of Law

Plaintiffs further allege claims for breach of express warranty and breach of implied warranty. As explained above, Plaintiffs have not plausibly alleged any false or deceptive or materially misleading statements to support these claims as required under New York and California law and they can be dismissed on that basis alone. Plaintiffs' claims also suffer from additional fatal defects as explained below.

1.      Plaintiffs Failed to State Claims for Breach of Express Warranty Under
        Either New York or California Law

To state a claim for breach of express warranty under New York  law, "a  plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Petrosino v. Stearn's Prods.*, 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (citation  omitted).  However, Plaintiff Kominis has failed to plausibly plead facts to support the conclusion that the Starbucks Refreshers® flavors amount to factual representations of their ingredients.  *See Mazella v. Coca-Cola Co.,* 548 F.Supp.3d 349, 361 (S.D.N.Y. 2021) (dismissing breach of warranty claims because plaintiff failed to plausibly allege any factual misrepresentation on the product label).  Accordingly, Plaintiff Kominis has failed to satisfy the first element and her claim must be dismissed.

California's express warranty similarly requires a plaintiff to allege "(1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty that proximately caused plaintiff's injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal.App.3d 135, 142 (1986).  If a plaintiff has failed to identify an actionable misrepresentation under the UCL, CLRA, and FAL, then the plaintiff has necessarily failed to identify the exact terms of the purported warranty.  *Horti v. Nestle HealthCare Nutrition, Inc.*, 2022 WL 2441560 at *9 (N.D. Cal. July 5, 2022).  Here, Plaintiff McAllister failed to allege facts supporting his contention that a reasonable consumer would be deceived by the Refreshers® flavor names.  *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 985 (C.D. Cal. 2015) (finding that a class claim for breach of express warranty is only permitted if the plaintiff shows the alleged misrepresentation was material to a reasonable consumer).  Accordingly, he has not met the first element of his claim and it must be dismissed.

2.      Plaintiffs Failed to Allege Facts Sufficient to Support Their Implied
        Warranty Claims Under Either the New York or California Statutes

New York courts have held that a food product is unmerchantable only if it is "unfit for human consumption." *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y.

Sep. 14, 2015); *see also Kamara v. Pepperidge Farm, Inc.,* 570 F.Supp.3d 69, 80 (S.D.N.Y. 2021).  Plaintiff Kominis brings a claim for breach of the implied warranty of merchantability alleging that "[b]y advertising the Products with the names of specific fruits on its menu boards, Defendant made an implied promise in the Products' advertising that the Products contain these specific fruits."  (Amended Complaint ¶ 98.)  However, the implied warranty of merchantability when made in connection with food relates to whether it is fit for human consumption and does not guarantee that "the product will fulfill a 'buyer's every expectation.'" *Silva*, 2015 WL 5360022, at *11 (citation omitted).  Plaintiff Kominis has not alleged that the Refreshers® are unfit for human consumption.  (Amended Complaint ¶¶ 91-101.)  Thus, her breach of implied warranty claim must be dismissed.

California's implied warranty statute similarly does not impose a requirement that goods fulfill the precise expectation of the buyer.  Instead it "provides for a minimum level of quality." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) ("A breach . . . occurs if the product lacks even the most basic degree of fitness for ordinary use.").  Courts have reasoned that, "[i]n the context of food cases, a party can plead that a product violates the implied warranty of merchantability by alleging, for example, that the product was not safe for consumption . . ." *Thomas v. Costco Wholesale Corp.*, 2014 WL 5872808, at *3 (N.D. Cal. Nov. 12, 2014). Plaintiff McAllister cannot demonstrate that the Refreshers® fall below this minimum level of quality and, therefore, his claim should be dismissed.

### C.   Plaintiffs' Unjust Enrichment Claim is Entirely Duplicative of Their Other Claims and Should be Dismissed

Plaintiffs allege, in the alternative, a claim for unjust enrichment individually and for the putative classes.  Under New York law, this claim must be dismissed because it is entirely duplicative of their other claims.  *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012) ("[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim").  Although in some cases a plaintiff may "plead unjust enrichment in the alternative", such claims cannot be "merely duplicative of their other causes of

action." *Nelson v. MillerCoors, LLC*, 246 F.Supp.3d 666, 679 (E.D.N.Y. 2017); *Warren,* 2022 WL 815300, at *12. Where, as here, Plaintiffs' unjust enrichment claim is based on the same underlying conduct – i.e., the Starbucks Refreshers® allegedly misleading advertising – courts routinely dismiss unjust enrichment claims as duplicative. *See e.g., Davis v. Hain Celestial Grp., Inc.,* 297 F.Supp.3d 327, 338 (E.D.N.Y. 2018); *Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 290-91 (S.D.N.Y. 2014).

Furthermore, there is no cause of action for unjust enrichment in California. Rather it can only serve as the basis for obtaining restitution based on quasi-contract when one party unjustly obtains a benefit which they may not retain. *See McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1490 (2006); *McKinniss v. Kellogg USA*, 2007 WL 4766060, at *6 (C.D. Cal. Sept. 19, 2007). Here, Starbucks has not been unjustly enriched and thus, no remedy in restitution is due.

Plaintiffs' unjust enrichment claims under both states' laws should be dismissed.

### D.    Plaintiffs Have Not Stated a Claim for Common Law Fraud

Finally, Plaintiffs allege a claim for common law fraud both individually and on behalf of the putative classes. To plead common law fraud under New York law, Plaintiffs must "allege facts that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). California law similarly requires the Plaintiffs to plead that "the defendant intended to deceive the plaintiff." *West v. JPMorgan Chase Bank, N.A.*, 214 Cal.App.4th 780, 792 (2013).

Here, Plaintiffs have failed to plead any facts giving rise to a strong inference of fraudulent intent. Instead, they simply allege that "Defendant intended that Plaintiffs and members of the Classes rely on the Products' advertising." (Amended Complaint ¶ 122.) These conclusory allegations are insufficient to state a claim, especially in light of the heightened pleading standard applied to allegations of fraud under Rule 9(b). *See Lee v. Mondelez Int'l, Inc.,* 2022 WL 16555586, at *14 (S.D.N.Y. Oct. 28, 2022) (dismissing common law fraud claim and explaining that "[a]lthough a plaintiff may plead scienter for the purposes of a common law

fraud claim generally, the plaintiff 'must still allege facts that give rise to a strong inference of fraudulent intent'").

## V.     **CONCLUSION**

For the foregoing reasons, Starbucks respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety.

Dated:  November 9, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Sascha Henry*
     Paul W. Garrity
     Robert J. Guite (admitted *pro hac vice*)
     Sascha Henry (admitted *pro hac vice*)

30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
pgarrity@sheppardmullin.com
rguite@sheppardmullin.com
shenry@sheppardmullin.com

*Attorneys for Defendant Starbucks Corporation*